UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Christine Bergeron,<br><br>                   Plaintiff,<br><br>       v.<br><br>C& S Wholesale Grocers, Inc.,<br><br><br>               Defendant | Civil Action No. 16-cv-00184-LM<br><br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, Christine Bergeron (hereinafter referred to as "Ms. Bergeron"), alleges as follows:

### NATURE OF THE CASE

1.      Ms. Bergeron seeks monetary relief including, but not limited to, back pay, front pay, liquidated damages, lost benefits, diminished earnings, and costs and attorney's fees for the injuries suffered as a result of the Defendant's violation of the Family and Medical Leave Act, Title 29 U.S.C. § 2601, *et seq.*

### THE PARTIES

2.      Ms. Bergeron is a citizen of the United States residing at 50 Cromwell Drive, Unit 3, Rindge, New Hampshire.

3.      Defendant, C & S Wholesale Grocers, Inc. ("C&S"), is a corporation, organized and existing under the laws of the State of Vermont, with its main corporate headquarters located in Keene, New Hampshire, at 7 Corporate Drive.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 2601 (actions arising under the Family and Medical Leave Act), 28

U.S.C. §1331 (actions arising under the laws of the United States). This Court has supplemental jurisdiction over the claims in this Complaint that arise (if any) under state statutory and common law pursuant to 28 U.S.C. §1367(a).

5.      Costs and attorney's fees may be awarded pursuant to 29 U.S.C. § 2617(a)(3).

6.      This Court has personal jurisdiction over C&S because C&S is headquartered in Keene, New Hampshire and conducts a substantial portion of its business here.

7.      C&S employed more than 50 people at all times relevant hereto.

8.      Ms. Bergeron was employed by C&S as an administrative assistant in its corporate headquarters in Keene, New Hampshire. All of the retaliatory employment practices alleged herein were committed within the State of New Hampshire.

9.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §1391(b) because the retaliatory practices and Family and Medical Leave Act violations took place in the State of New Hampshire, and because C&S is headquartered and conducts a substantial portion of business in the State of New Hampshire.

**FACTS**

10.     C&S hired Ms. Bergeron as an administrative assistant in C&S' corporate headquarters located in Keene, New Hampshire in 2010.

11.      C&S granted Ms. Bergeron intermittent Family and Medical Leave Act ("FMLA") leave based on her serious health condition in 2014.  At C&S' request, Ms. Bergeron provided C&S with a medical certification for the intermittent leave.

12.     Sometime during April 2014 Ms. Bergeron's health condition

worsened and required her to need more time off than originally anticipated.

13.     On April 28, 2014, C&S sent Ms. Bergeron an overnight letter informing her that she was required, in light of her changed condition, to obtain a medical recertification within fifteen (15) calendar days of her receipt of the letter, by May 14, 2014. A copy of this letter is attached hereto as Exhibit 1.

14.     On May 1, 2014, C&S sent Ms. Bergeron an additional letter by overnight mail. A copy of this letter is attached hereto as Exhibit 2. Ms. Bergeron received this letter on May 2, 2014.

15.     The letter dated May 1, 2014 required Ms. Bergeron to complete and return the FMLA related forms which were attached, including the FMLA medical certification form, within fifteen (15) calendar days from her receipt of that letter and the packet of documents.

16.     Neither the April 28, 2014 letter nor the May 1, 2014 letter from C&S advised Ms. Bergeron of the consequences to her, or to her employment relationship with C&S, if she did not meet the deadline for returning a medical recertification form.

17.     After receiving the letters from C&S, and notwithstanding her difficult medical condition, including serious side effects she was suffering due to her prescribed medications, Ms. Bergeron contacted her health care providers multiple times requesting them to fill out the necessary paperwork for the medical recertification.

18.     During this time period, Ms. Bergeron remained in contact with C&S's Human Resources office to keep them updated on her status while she attempted to obtain the medical recertification paperwork from her providers.

19.     Prior to May 14, 2014, Ms. Bergeron informed C&S that she was making attempts to comply with the obligations imposed by C&S in the April 28, 2014 and May 1, 2014 letters.

20.     At 12:24 am on May 15, 2014 C&S sent Ms. Bergeron an email terminating her employment with C&S. A copy of this email is attached hereto as Exhibit 3.

21.     On May 15, 2014 at 8:40 am, Ms. Bergeron's medical recertification paperwork arrived at C&S.

22.     The email terminating Ms. Bergeron was sent approximately eight (8) hours prior to Ms. Bergeron's medical recertification papers arriving at C&S.

23.     C&S has held firm to the position that as of 24 minutes after midnight on May 15, 2014, Ms. Bergeron abandoned her job solely because C&S was not in possession of her recertification paperwork.

24.     Ms. Bergeron attempted to retain her employment with C&S, but C&S refused to consider the recertification paperwork she provided on May 15, 2015.

25.     The email attached hereto as Exhibit 3 is the only document provided to Ms. Bergeron in May 2014 that provides the reasons for Ms. Bergeron's termination.

**COUNT I – Interference with Rights under the Family and Medical Leave Act**

26.     Ms. Bergeron realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 25 of this Complaint.

27.     Ms. Bergeron was an "eligible employee" as defined in 29 U.S.C. § 2611(2).

28.     C&S was an "employer" as defined in 29 U.S.C. § 2611(4).

29.     Ms. Bergeron was entitled to FMLA leave due to her serious medical condition as defined by the FMLA.

30.     Ms. Bergeron notified C&S that she intended to take FMLA leave due to her serious medical condition, as is demonstrated by Ms. Bergeron's continued

communications with C&S regarding her attempt to obtain medical recertification.

31.     An employer must provide an employee a minimum of fifteen (15) calendar days to provide medical certification, a time period that should be extended if meeting the deadline is not practicable. 29 CFR 825.305(b). In addition, if the certification paperwork provided to the employer is in any way deficient the employer is required to notify the employee that more information is required and to allow the employee and her health care providers an additional seven days to correct any deficiencies. *Id*.

32.     An employer must advise an employee of the consequences of not complying with a medical certification request. 29 CFR 825.305(d).

33.     By sending Ms. Bergeron the May 1, 2014 letter requesting the recertification paperwork, the proper date for reply was May 17, 2014, not May 14, 2014. C&S was therefore in violation of 29 CFR 825.305(b).

34.     C&S was in violation of 29 CFR 825.305(d) because it did not inform Ms. Bergeron that her failure to return the recertification paperwork by the deadline imposed by C&S would result in immediate termination.

35.     Ms. Bergeron was denied FMLA benefits to which she was entitled because her medical recertification paperwork was denied despite her delivering the paperwork within the proper timeframe.

36.     The actions of C&S in providing and enforcing the improper date of return for medical recertification interfered with, restrained and denied Ms. Bergeron's rights under the FMLA pursuant to 29 U.S. Code § 2615(1)(a).

37.     In terminating Ms. Bergeron's employment, C&S interfered with, restrained, and denied Ms. Bergeron's rights under the FMLA.

38.     As a direct and proximate result of C&S's interference with Ms. Bergeron's attempts to exercise her rights under the FMLA, in violation of the

FMLA, Ms. Bergeron has suffered damages, which include the loss of employment, loss of past and future wages and benefits, and diminished earnings.

39.     Ms. Bergeron is entitled to a recovery of these damages as well as an award of attorney's fees and costs, litigation expenses, and prejudgment interest.

**COUNT II – Retaliation under the Family and Medical Leave Act**

40.     Ms. Bergeron realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 39 of this Complaint.

41.     The actions of C&S in providing and enforcing the improper date of return for medical recertification, not informing Ms. Bergeron of the consequences of not returning the recertification paperwork by C&S' deadline, and the subsequent firing of Ms. Bergeron at midnight on May 15, 2014 demonstrate that C&S retaliated against Ms. Bergeron for exercising her rights under the FMLA pursuant to 29 U.S.C. § 2601, *et seq.*

42.     In terminating Ms. Bergeron's employment, C&S retaliated against Ms. Bergeron because she requested medical leave under the FMLA and C&S's actions were related to Ms. Bergeron's protected activity.

43.     As a direct and proximate result of C&S's retaliation for Ms. Bergeron's attempts to exercise her rights under the FMLA, in direct violation of the FMLA, Ms. Bergeron suffered economic loses, including the loss of employment, lost past and future wages and benefits, and diminished earnings.

42.     Ms. Bergeron is entitled to a recovery of these damages as well as an award of attorney's fees and costs, litigation expenses, and prejudgment interest.

**JURY DEMAND**

Ms. Bergeron hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.      That Ms. Bergeron be entitled to recover monetary damages pursuant to 29 U.S.C. §2617(a)(1)(A)(i)-(ii) and liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(i)-(iii);

B.      That Ms. Bergeron be entitled to recover front pay and lost benefits to make her whole for future expected losses;

C.      That Ms. Bergeron be entitled to diminished earnings;

D.      That Ms. Bergeron be entitled to recover her costs associated with this lawsuit including, but not limited to, reasonable attorneys' fees and expenses. 29 U.S.C. § 2617(a)(3);

E.      For such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

ORR & RENO, P.A.

Dated: October 5, 2016             By:  /s/ James F. Laboe
                                        James F. Laboe (N.H. Bar No. 14571)
                                        P.O. Box 3550
                                        Concord, New Hampshire 03302-3550
                                        Telephone:  (603) 224-2381
                                        Facsimile:  (603) 223-2318

                                        *Attorneys for Plaintiff*
                                        *Christine Bergeron*

1591415_1